MEMORANDUM OF DECISION RE: SUMMARY JUDGMENT
The plaintiff has moved for summary judgment on the first count of his two count complaint. The count alleges that in 1994 the parties entered into a separation agreement which they intended to be binding in the event of a future divorce, and that the defendant violated the agreement by obtaining both pendente lite orders and a final judgment in the divorce that were different from the terms contained in the agreement.
The defendant has pleaded as a special defense to the first count that the action is barred by the equitable doctrine of res judicata. The defendant has admitted the essential factual allegations of the complaint.
In ruling on a motion for summary judgment, the court must regard the allegations of the complaint as true. Yanow v. Teal Industries, Inc.,178 Conn. 262, 265 (1979). The only question the court may consider is whether there is an issue of material fact in dispute. If there is such an issue, the court may not try that issue. Rather, summary judgment must be denied. United Oil Co., Inc. v. Urban Redevelopment Commission,158 Conn. 364, 377 (1969); also see, Batick v. Seymour, 186 Conn. 632,647 (1982).
In this case, there is no issue of material fact. Summary judgment will enter in favor of the plaintiff on the first count only. The case will be transferred back to the civil docket for jury trial in accordance with the convenience of the presiding judge for civil matters.
Orders will enter accordingly.
BY THE COURT,
GRUENDEL, J.